■ In the Matter of ROSLYN McDOWELL, Petitioner, v RICHARD KOEHLER, as Commissioner of the New York City Department of Correction, et al, Respondents.—Petition pursuant to CPLR article 78, transferred to this court by order of the Supreme Court, New York County (Kristin Booth Glen, J.), entered on or about January 31, 1989, to annul a determination of the New York City Department of Correction, dated October 27, 1988, which dismissed petitioner from her position as a correction officer, dismissed and the determination unanimously confirmed, without costs.

We find that there was substantial evidence in the record to support the Commissioner's determination that petitioner: (1) engaged in conduct unbecoming an officer, in that she was convicted for petit larceny; (2) failed to notify the Department of her arrest; and (3) on three separate occasions, while on sick leave, left her residence without permission and without

notifying the Department *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). The decision of the Hearing Officer to conduct a limited hearing on the first scheduled date of the hearing, despite the nonappearance of petitioner's counsel, was fair and impartial. Petitioner's counsel had been notified several times of the impending hearing, yet failed to formally inform the court of any specific prior engagements. Moreover, the nonappearance of petitioner's counsel did not taint the hearing. Indeed, when the hearing resumed on a subsequent date, counsel for petitioner never asked to cross-examine Mr. Floridia, who had been the only witness to testify on the first day. Mr. Floridia, a former employee-investigator for the Department, testified regarding petitioner's arrest and her failure to notify the Department of such arrest. Significantly, petitioner never contradicted any of Floridia's statements and, in fact, admitted that: (1) she had been arrested; (2) she had failed to notify the Department of the arrest; and (3) that she was subsequently convicted.

Considering that petitioner was found properly guilty of multiple charges and specification that alleged, *inter alia,* conduct of a criminal nature, the sanction of dismissal was not disproportionate as to be shocking to one's sense of fairness *(see, Matter of Alfieri v Murphy,* 38 NY2d 976, 977). Concur—Murphy, P. J., Carro, Kassal, Milonas and Wallach, JJ.